UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MAURICE JOHNSON, | No. 2:21-cv-00971 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| CONNIE GIPSON, Warden, | |
| Respondent. | |

Petitioner, a former California state prisoner proceeding pro se,[1] has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2023, the magistrate judge filed findings and recommendations, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner has filed

---

[1] Although petitioner is no longer in custody, his release does not moot his request for habeas relief because he challenges his underlying conviction. *See* Pet. at 61, ECF No. 1 (requesting the reversal of judgment); *see also Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) ("A habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody." (citation omitted)); *Mateen v. Shinn*, No. 22-01508, 2023 WL 8596197, at *1 n.1 (D. Ariz. Dec. 12, 2023) (holding similarly).

1

1    objections to the findings and recommendations, Objs., ECF No. 32, as well as a motion for a
2    certificate of appealability, Mot., ECF No. 33.

3    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
4    court has conducted a *de novo* review of this case.  The court has carefully reviewed petitioner's
5    objections and finds they largely repeat the petitioner's allegations in his habeas petition and
6    arguments in traverse, which the magistrate judge has already considered.  *Compare* Objs., *with*
7    Pet. *and* Traverse, ECF No. 24.  Having reviewed the file, the court finds the findings and
8    recommendations to be supported by the record and by the proper analysis.  It is not the role of
9    this court to determine whether the state court correctly applied federal law or whether this court
10   would have reached a different conclusion.  *See Woodford v. Visciotti*, 537 U.S. 19, 24–25, 27
11   (2002).  Rather, the court's role is limited to determining whether the state court's decision was
12   objectively unreasonable.  Here, it was not.

13   Petitioner also moves for a certificate of appealability.  *See* Mot.  In accordance with Rule
14   11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to
15   issue a certificate of appealability.  Before petitioner can appeal this decision, a certificate of
16   appealability must be issued.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition
17   is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if
18   the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
19   § 2253(c)(2).  "[T]he showing required to satisfy § 2253(c) is straightforward: The petitioner
20   must demonstrate that reasonable jurists would find the district court's assessment of the
21   constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

22   The court finds the petitioner has made this showing only as to his cumulative error claim.
23   In the state court decision, the state appellate court found "although there were several errors,
24   [petitioner] was not prejudiced, individually or cumulatively." State Court Opinion at 5, ECF
25   No. 17-22.[2]  Specifically, the state appellate court found the trial court abused its discretion in
26   precluding a witness's prior statements, *id.* at 27, and two experts' testimonies, *id.* at 34, 44, trial

---

[2] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

counsel's performance was deficient in certain respects, *id.* at 39, 47, 55, and the prosecutor's closing arguments were "clearly" and "highly" improper, *id.* at 57, 60. However, the state appellate court found petitioner "was not deprived of a fair trial." *Id.* at 62. Although the court finds the state court's decision was not objectively unreasonable, reasonable jurists may find this court's assessment debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) ("[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."). Therefore, the court grants a certificate of appealability as to the cumulative error claim.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The findings and recommendations filed August 18, 2023 (ECF No. 27), are adopted in full.

        2. The petition for writ of habeas corpus is denied.

        3. The motion for a certificate of appealability (ECF No. 33) is denied in part and granted in part. The court grants a certificate of appealability only as to the question whether cumulative errors in petitioner's state court proceedings deprived petitioner of a fair trial in violation of due process.

        4. The Clerk of the Court is directed to close this case.

DATED: August 14, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE